UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| QUANG DIEN LA, | ) | 1:09-cv-00947-BAK-GSA HC |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY THE |
| | ) | PETITION SHOULD NOT BE GRANTED |
| v. | ) | |
| | ) | ORDER DIRECTING THE CLERK TO |
| ERIC HOLDER, et. al., | ) | SERVE DOCUMENTS ON RESPONDENT |
| | ) | |
| Respondents. | ) | |

    Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

    In the petition filed, Petitioner alleges that he is a native of Vietnam, that he is subject to a final order of removal from the United States as of November 12, 2008, and that he has been in continuous custody of ICE since that date, a period in excess of six months as of the date of filing of the instant petition. (Doc. 1, pp. 2-3). Petitioner alleges that his detention pursuant to 8 U.S.C. § 1231(a)(6) is indefinite and violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment of the United States Constitution. (Doc. 1, p. 4). Petitioner also asserts that his detention is in violation of Respondent's statutory authority. (Id.). Finally, Petitioner contends that his detention is punitive in nature and thus constitutes punishment without

1  due process of law. (Id.).

2      Because Petitioner may be entitled to relief if the claimed violations are proved, Respondent
3  IS ORDERED TO SHOW CAUSE why the Petition should not be granted.  Rule 4, Rules Governing
4  Section 2254 Cases; see Rule 1(b), Rule 11, Rules Governing Section 2254 Cases; Fed. R. Civ. P.
5  81(a)(2). Respondent SHALL INCLUDE a copy of Petitioner's Alien File and any and all other
6  documentation relevant to the determination of the issues raised in the petition. Rule 5 of the Rules
7  Governing Section 2254 Cases.  In the event the Petitioner is released from ICE custody during the
8  pendency of this Petition, the parties SHALL notify the Court by filing a Motion to Dismiss the
9  Petition or other proper pleading.  Should the parties fail to notify the Court that Petitioner has been
10 released, the parties may be subject to sanctions pursuant to the inherent power of the Court to issue
11 sanctions in appropriate cases.  See Local Rule 11-110.

12     Accordingly, IT IS HEREBY ORDERED:

13     1.    Respondent is ORDERED TO SHOW CAUSE why the Petition should not be granted.
14           The Return to the Order to Show Cause is due within FORTY-FIVE (45) days of the
15           date of service of this order.  Petitioner may file a Traverse to the Return within TEN
16           (10) days of the date the Return to the Order to Show Cause is filed with the Court.
17     2.    The Clerk of the Court is DIRECTED to SERVE a copy of the Petition for Writ of
18           Habeas Corpus on the United States Attorney.

19     The Court has determined that this matter is suitable for decision without oral argument
20 pursuant to Local Rule 78-230(h).  As such, the matter will be taken under submission following the
21 filing of Petitioner's Traverse or the expiration of the time for filing the Traverse.  All other briefing
22 in this action is suspended.

24 .

25     IT IS SO ORDERED.

26     Dated:   **June 18, 2009**              /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE