# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUANG DIEN LA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>ERIC H. HOLDER, JR., et al.,<br><br>　　　　Respondents. | 1:09-cv-00947-JLT HC<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS  (Doc. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE<br><br>ORDER GRANTING NUNC PRO TUNC REQUEST FOR EXTENSION OF TIME TO FILE RESPONSE TO ORDER TO SHOW CAUSE (Doc. 7) |

Petitioner, currently in the custody of the Bureau of Immigration and Customs Enforcement ("ICE") and, proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).   The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.   On June 15, 2009, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes.  (Doc. 4).

## **PROCEDURAL HISTORY**

Petitioner, a native of Vietnam and subject to a final order of removal to that country since November 12, 2008, alleges in the instant petition that he has been in "post-removal order" ICE detention since that date.  (Doc. 1, pp. 2-3).  Petitioner alleges that his detention pursuant to 8 U.S.C. § 1231(a)(2) is indefinite and violates his substantive and procedural due process rights

1

under the Due Process Clause of the Fifth Amendment of the United States Constitution.  (Doc. 1, p. 4).  Petitioner also asserts that his detention is in violation of Respondent's statutory authority.  (Id.).  Finally, Petitioner maintains that his detention is punitive in nature and therefore is an unconstitutional punishment without due process of law.  (Id.).

On June 18, 2009, the Court issued an Order to Show Cause, requiring Respondents to show cause by August 5, 2009 why the instant petition should not be granted.  (Doc. 5).  On September 17, 2009, Respondents filed a response to the order to show cause, also requesting a nunc pro tunc extension of time for filing said response.  (Doc. 7).   Petitioner filed no response either to Respondent's response to the order to show cause or Respondent's request for a nunc pro tunc extension of time.

## DISCUSSION

In the instant petition, Petitioner contends that he has been detained beyond the six-month period presumed reasonable in Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001).  Respondent contends that Petitioner has failed to show that no reasonable likelihood of removal exists.   The Court agrees with Respondent and therefore denies the petition on the merits.

After an order of removal is issued, the Attorney General shall remove the alien within ninety days.  See 8 U.S.C. § 1231(a)(1)(A).  The ninety-day period is referred to as the "removal period."  Id.  The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.  8 U.S.C. § 1231(a)(1)(B).  During the removal period, ICE is required to detain the alien.  See 8 U.S.C. § 1231(a)(2).

However, the removal period "shall be extended...if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to [his] departure or conspires or acts to prevent [his] removal."  8 U.S.C. § 1231(a)(1)(C).  During the extended removal period, Respondent has the statutory discretion to detain the alien.  See id. ("the alien may remain in detention during such extended period...").

1    In Zadvydas, the Supreme Court found that the habeas corpus statute grants federal courts
2 the authority to determine whether post-removal-period detention is pursuant to statutory
3 authority.[1]  Id. at 2491.  In addition, the Court held that the Immigration and Nationality Act's
4 ("INA") post-removal-period detention statute does not permit indefinite detention, but instead
5 "implicitly limits an alien's detention to a period reasonably necessary to bring about that alien's
6 removal from the United States." Id at 2498.

7    The Zadvydas Court established a "presumptively reasonable period of *detention*" of *six*
8 *months*.  Id. at 2505 (italics added).  The burden is on the alien to show that there is no
9 reasonable likelihood of repatriation.  Id.  After six months, and once an alien makes a showing
10 that there is no "significant likelihood of removal in the reasonably foreseeable future, the
11 Government must respond with evidence sufficient to rebut that showing." Id.  However, where
12 an alien seeks release *prior* to the expiration of the presumptive six-month period, his claims are
13 unripe for federal review.  See Abbott Laboratories, 387 U.S. at 148- 49("[The ripeness
14 doctrine's] basic rationale is to prevent the courts, through avoidance of premature adjudication,
15 from entangling themselves in abstract disagreements over administrative policies, and also to
16 protect the agencies from judicial interference until an administrative decision has been
17 formalized and its effects felt in a concrete way by the challenging parties.").

18    In this case, Petitioner's own documents indicate that Respondent was in the process of
19 effectuating his removal when Petitioner obtained a stay of removal from the Immigration Judge.
20 (Doc. 1, Attach. C).  The ICE performance review, entitled Decision to Continue Detention,
21 dated May 18, 2009, states that "ICE expects that a travel document will be issued for you and
22 that your removal will occur in the reasonably foreseeable future."  (Id.).  Subsequently,
23 Petitioner moved to reopen proceedings on the final order of removal before the Immigration
24 Judge.  (Doc. 7, p. 3).  The stay of removal issued by the Immigration Judge indicates that it is
25 effective until the Immigration Judge rules on Petitioner's motion for reconsideration of his
26 removal. (Doc. 7, Attach. 1).  The record as presently constituted does not indicate that the

---

[1] The Supreme Court analyzed the constitutionality of the period of post-removal-*detention*, not the period of post-removal.  See Zadvydas, 121 S.Ct. at 2504.

Immigration Judge has ruled on Petitioner's motion. Accordingly, the record establishes that the stay of removal continues to be operative.

Because the final order of removal is currently subject to a judicially-mandated stay, Petitioner has not, and cannot, establish that there is "no reasonable likelihood of repatriation." Put more directly, Petitioner cannot establish that there is no reasonable likelihood of his removal as long the Immigration Judge's stay legally precludes the United States government from actually effectuating that removal. Under such circumstances, Petitioner's present detention is a valid exercise of Respondent's statutory discretion and, because Petitioner has failed to establish that no reasonable likelihood of repatriation exists, the petition must be denied on its merits. Zadvydas, 533 U.S. at 680.[2]

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1), is DENIED;

2. Respondent's nunc pro tunc request for an extension of time to file the response to the order to show cause (Doc. 7), is GRANTED; and,

3. The Clerk of the Court is DIRECTED to enter judgment and close the file.

IT IS SO ORDERED.

Dated:   **January 5, 2010**                             **/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE

---

[2] Because Petitioner has not objected, and because the Court perceives no prejudice to either party, the Court will also grant Respondent's nunc pro tunc request for an extension of time to file the response to the order to show cause.